

U.S. Department of Justice

*Tax Division*
Northern Criminal Enforcement Section
P.O. Box 972
Washington, D.C. 20044

---

*Main Reception: (202) 514-5150*   *150 M Street, N.E.*
*Room 1.125*
*Washington, D.C. 20002*

July 26, 2023

Michael J. Callanan, Esq.
30 Eastbrook Rd
Suite 302B
Dedham, MA 02026

Re:   <u>United States v. Michele L. LeTourneau</u>
      Criminal No.

Dear Mr. Callanan:

The U.S. Department of Justice, Tax Division (the "Government") and your client, Michele L. LeTourneau ("Defendant"), agree as follows, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B):

1. <u>Change of Plea</u>

No later than September 8, 2023, Defendant will waive Indictment and plead guilty to Counts One and Two of the Information charging: willfully making and subscribing to a false and fraudulent income tax return, in violation of 26 U.S.C. § 7206(1); and structuring of financial transactions to evade reporting requirements, in violation of 31 U.S.C. § 5324(a)(3). Defendant admits that Defendant committed the crimes specified in these counts and is in fact guilty of each one.

2. <u>Penalties</u>

Defendant faces the following maximum penalties for a violation of 26 U.S.C. § 7206(1): incarceration for three (3) years; supervised release for one (1) year; a fine of $250,000; costs of prosecution; a mandatory special assessment of $100; and restitution.

Defendant faces the following maximum penalties for a violation of 31 U.S.C. §

1

5324(a)(3): incarceration for five (5) years; supervised release for three (3) years; a fine of $250,000, or the greater of twice the gross gain or twice the gross loss; forfeiture; mandatory special assessment of $100; and restitution.

3. Sentencing Guidelines

The parties agree, based on the following calculations, that Defendant's total "offense level" under the Guidelines is 17:

a) Defendant's base offense level is 20 because Defendant's offense involved structuring transactions to evade reporting requirements is 6 levels plus an additional 14 levels corresponding to the value of the funds, approximately $1,261,723 (USSG §§ 2S1.3(a)(2), 2B1.1(b)(1)(H)).[1]

b) Defendant's offense level is decreased by 3 because Defendant has accepted responsibility for Defendant's crimes (USSG § 3E1.1).

Defendant understands that the Court is not required to follow this calculation or even to sentence Defendant within the Guidelines and that Defendant may not withdraw Defendant's guilty plea if Defendant disagrees with how the Court calculates the Guidelines or with the sentence the Court imposes.

Defendant also understands that the Government will object to any reduction in Defendant's sentence based on acceptance of responsibility if: (a) at sentencing, Defendant (directly or through counsel) indicates that Defendant does not fully accept responsibility for having engaged in the conduct underlying each of the elements of the crimes to which Defendant is pleading guilty; or (b) by the time of sentencing, Defendant has committed a new federal or state offense, or has in any way obstructed justice.

If, after signing this Agreement, Defendant's criminal history score or Criminal History Category is reduced, the Government reserves the right to seek an upward departure under the Guidelines.

Nothing in this Plea Agreement affects the Government's obligation to provide the Court and the U.S. Probation Office with accurate and complete information regarding this case.

---

[1] Here, USSG § 2S1.3 does not import the offense level from §2T4.1 because although Defendant's structuring offense was "committed for the purposes of violating the Internal Revenue laws," § 2T4.1 does not yield a higher offense level. Defendant's base offense level under Part T of USSG is 18 because Defendant's offense involved filing a false tax return and caused a tax loss of $472,167. (USSG §§ 2T1.1(a)(1), 2T4.1(G). Both offenses involve substantially the same harm and should be grouped together pursuant to USSG §§ 3D1.2(b),(d).

4. <u>Sentence Recommendation</u>

The Government agrees to recommend the following sentence to the Court:

    a) Incarceration at the low end of the Guidelines sentencing range as calculated by the parties in Paragraph 3;

    b) a fine within the Guidelines sentencing range as calculated by the parties, unless the Court finds that Defendant is not able, and is not likely to become able, to pay a fine;

    c) 36 months of supervised release;

    d) a mandatory special assessment of $200, which Defendant must pay to the Clerk of the Court by the date of sentencing;

    e) a civil forfeiture order of $9,999.12 in accordance with 31 U.S.C. § 5317(c)(1)(A) (the "Forfeiture Money Judgment"); and

    f) restitution of $472,167 paid to the Internal Revenue Service ("IRS").

In addition, the parties agree jointly to recommend the following special condition of any term of supervised release or probation:

During the term of supervised release or probation, Defendant must, within six months of sentencing or release from custody, whichever is later:

    (i) cooperate with the Examination and Collection Divisions of the IRS;

    (ii) provide the Examination Division with all financial information necessary to determine Defendant's prior tax liabilities;

    (iii) provide the Collection Division with all financial information necessary to determine Defendant's ability to pay;

    (iv) file accurate and complete tax returns for those years for which returns were not filed or for which inaccurate returns were filed; and

    (v) make a good faith effort to pay all delinquent and additional taxes, interest, and penalties.

5. <u>Waiver of Appellate Rights and Challenges to Conviction or Sentence</u>

Defendant has the right to challenge Defendant's conviction and sentence on "direct appeal." This means that Defendant has the right to ask a higher court (the "appeals court") to

look at what happened in this case and, if the appeals court finds that the trial court or the parties made certain mistakes, overturn Defendant's conviction or sentence. Also, in some instances, Defendant has the right to file a separate civil lawsuit claiming that serious mistakes were made in this case and that Defendant's conviction or sentence should be overturned.

Defendant understands that Defendant has these rights, but now agrees to give them up. Specifically, Defendant agrees that:

    a) Defendant will not challenge Defendant's <u>conviction</u> on direct appeal or in any other proceeding, including in a separate civil lawsuit; and

    b) Defendant will not challenge any prison sentence of 30 months or less or any court orders relating to forfeiture, restitution, fines or supervised release. This provision is binding even if the Court's Guidelines analysis is different than the one in this Agreement.

The Government agrees that, regardless of how the Court calculates Defendant's sentence, the Government will not appeal any sentence of imprisonment of 24 months or more.

Defendant understands that, by agreeing to the above, Defendant is agreeing that Defendant's conviction and sentence (to the extent set forth in subparagraph (b), above) will be final when the Court issues a written judgment after the sentencing hearing in this case. <u>That is, after the Court issues a written judgment, Defendant will lose the right to appeal or otherwise challenge Defendant's conviction and sentence (to the extent set forth in subparagraph (b), above), regardless of whether Defendant later changes Defendant's mind or finds new information that would have led Defendant not to agree to give up these rights in the first place.</u>

Defendant is agreeing to give up these rights at least partly in exchange for concessions the Government is making in this Agreement.

The parties agree that, despite giving up these rights, Defendant keeps the right to later claim that Defendant's lawyer rendered ineffective assistance of counsel, or that the prosecutor or a member of law enforcement involved in the case engaged in misconduct serious enough to entitle Defendant to have Defendant's conviction or sentence overturned.

    6.    <u>Attorneys' Fees and Other Expenses</u>

Defendant is aware that the Court can award attorneys' fees and other litigation expenses to defendants in certain criminal cases.

    7.    <u>Forfeiture</u>

Defendant acknowledges that the Government, at its sole discretion, may seek to forfeit the amount of the Forfeiture Money Judgment through commencement of an administrative or civil forfeiture proceeding. Defendant acknowledges that she obtained and/or acquired property that is

4

subject to forfeiture as a result of her violation of 31 U.S.C. § 5324(a), as alleged in the Information. Defendant hereby waives and releases any claims Defendant may have to any vehicles, currency, or other personal property seized by the United States, or seized by any state or local law enforcement and turned over to the United States, during the investigation and prosecution of this case, and consents to the forfeiture of all such assets. If not paid, Defendant consents to the forfeiture of any other property of hers up to the amount of the value of the Forfeiture Money Judgment, pursuant to 21 U.S.C. § 853(p), and further agrees that the conditions of 21 U.S.C. § 853(p)(1)(A)-(E) have been met.

8. Civil Liability

This Plea Agreement does not affect any civil liability, including any tax liability, Defendant has incurred or may later incur due to Defendant's criminal conduct and guilty plea to the charges specified in Paragraph 1 of this Agreement.

9. Breach of Plea Agreement

Defendant understands that if Defendant breaches any provision of this Agreement, violates any condition of Defendant's pre-trial release or commits any crime following Defendant's execution of this Plea Agreement, Defendant cannot rely upon such conduct to withdraw Defendant's guilty plea. Defendant's conduct, however, would give the Government the right to be released from the Government' commitments under this Agreement, to pursue any charges that were, or are to be, dismissed under this Agreement, and to use against Defendant any of Defendant's statements, and any information or materials Defendant provided to the government during investigation or prosecution of Defendant's case—even if the parties had entered any earlier written or oral agreements or understandings about this issue.

Defendant also understands that if Defendant breaches any provision of this Agreement or engages in any of the aforementioned conduct, Defendant thereby waives any defenses based on the statute of limitations, constitutional protections against pre-indictment delay, and the Speedy Trial Act, that Defendant otherwise may have had to any charges based on conduct occurring before the date of this Agreement.

10. Who is Bound by Plea Agreement

This Agreement is only between Defendant and the U.S. Department of Justice, Tax Division. It does not bind the Attorney General of the United States or any other federal, state, or local prosecuting authorities.

11. Modifications to Plea Agreement

This Agreement can be modified or supplemented only in a written memorandum signed by both parties, or through proceedings in open court.

\* \* \*

If this letter accurately reflects the agreement between the Government and Defendant, please have Defendant sign the Acknowledgment of Plea Agreement below. Please also sign below as Witness. Return the original of this letter to Assistant Chief Jorge Almonte and Trial Attorney George Meggali of the U.S. Department of Justice, Tax Division.

Sincerely,

DAVID A. HUBBERT
Deputy Assistant Attorney General
Tax Division, U.S. Department of Justice

By: _____
Jorge Almonte
Assistant Chief
Northern Criminal Enforcement Section
U.S. Department of Justice, Tax Division

George Meggali
Trial Attorney
Northern Criminal Enforcement Section
U.S. Department of Justice, Tax Division

## ACKNOWLEDGMENT OF PLEA AGREEMENT

I have read this letter and discussed it with my attorney. The letter accurately presents my agreement with the U.S. Department of Justice, Tax Division. There are no unwritten agreements between me and the Government, and no Government official has made any unwritten promises or representations to me in connection with my guilty plea. I have received no prior offers to resolve this case.

I understand the crimes I am pleading guilty to, and the maximum penalties for those crimes. I have discussed the Sentencing Guidelines with my lawyer, and I understand the sentencing ranges that may apply.

I am satisfied with the legal representation my lawyer has given me, and we have had enough time to meet and discuss my case. We have discussed the charges against me, possible defenses I might have, the terms of this Agreement and whether I should go to trial.

I am entering into this Agreement freely and voluntarily and because I am in fact guilty of the offenses. I believe this Agreement is in my best interest.

_____
Michele L. LeTourneau
Defendant

Date: _____July 27, 2023_____

I certify that Michele L. LeTourneau has read this Agreement and that we have discussed what it means. I believe Michele L. LeTourneau understands the Agreement and is entering into it freely, voluntarily, and knowingly. I also certify that the Government has not extended any other offers regarding a change of plea in this case.

_____
Michael J. Callanan, Esq.
Attorney for Defendant

Date: _____7/27/23_____

7